PITTMAN, Judge,
dissenting.
I respectfully dissent. The chronology of events leading to this appeal is as follows: James Michael Thompson, Sr., died intestate on May 24, 1998, leaving six children, four siblings, and his mother. Dayna M. Case, Thompson’s purported common-law-wife applied for letters of administration on September 1, 1998, and the probate court issued letters of administration on October 26, 1998. The proper statutory notice was given that week. The estate inventory was filed in February 1999 and amended in March 1999 (according to the record on appeal, the value of the estate, less outstanding debts, is less than $75,000).
On March 25,1999, one of the decedent’s sisters filed a pleading in probate court styled “Counter-Petition to Revoke Letters of Administration and for Issuance of Letters of Administration.” Case filed a motion to dismiss, alleging that the sister lacked standing to bring the action and that she had waived the right to administer the estate by failing to comply with § 43-2-43(b), Ala.Code 1975. The probate court granted this motion on April 22, 1999; no appeal was taken from the order granting this motion. The six-month time period to file a claim against the estate ran on or about April 23, 1999. See § 43-2-350, Aa.Code 1975. The statutory provision for final settlement would allow the closing of the estate at any time after April 23, 1999, as soon as the outstanding debts were paid. See § 43-2-501, Aa.Code 1975.
By the time three children of the decedent filed their complaint challenging the administratrix and their petition to remove the administration of the estate to circuit court on May 6, 1999, the final settlement would have occurred in estates of similar size. The majority opinion reads § 43-2-290, Ma.Code 1975, to allow such a challenge to occur any time an allegation of fraud, maladministration, or waste is made, without regard to whether the allegation is made within a reasonable time. Athough there is no statute-of-limitations provision in the probate code for challenging the administration of an estate, I cannot believe that the Aabama Legislature intended estates to be frozen within days of final settlement by discontented heirs alleging fraud or waste. This construction of the probate code is not reasonable. I would affirm the trial court’s dismissal of the petition and complaint as being untimely.